ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| MTS General Trading & Construction[1] | )  ASBCA No. 63521 |
| | ) |
| Under Contract No. W56KGZ-15-A-6000 | ) |

APPEARANCE FOR THE APPELLANT:     Abathar N. Alkudari, Esq.
                                                          At Law Group, PLLC
                                                          Dearborn, MI

APPEARANCES FOR THE GOVERNMENT:   Dana J. Chase, Esq.
                                                          Army Chief Trial Attorney
                                                          CPT Jules L. Szanton, JA
                                                          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE ARNETT
ON THE GOVERNMENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION

MTS General Trading & Construction (appellant or MTS) filed an appeal from the denial of its claim involving unpaid invoices arising from orders against a Blanket Purchase Agreement (BPA) issued by the U.S. Army (the government or the Army). The government has moved to dismiss this appeal pursuant to Rule 7(b). The government asserts that the Board lacks jurisdiction to address this appeal because the claim was not certified by any contractor in privity with the government (gov't mot. at 5). The government notes that the contractor's name on the claim differs from the name on the contract and asserts that this certification "defect" cannot be corrected (*id.* at 6). Appellant contends that its name, MTS, remains unchanged and variations in its name arise from the use of suffixes to reflect a company's business activities consistent with Iraqi contract law (app. opp'n at 10).

Because we find the claim was submitted and certified by the same legal entity and corporate officer identified in the BPA and orders issued under the BPA, the government's motion is denied.

---

[1] In accordance with this decision, appellant's name in this appeal is changed to MTS General Trading & Construction to be consistent with its name on most of the orders issued under the BPA and its registration in SAM.gov.

1

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On May 17, 2015, the government awarded BPA No. W56KGZ-15-6000 to MTS General Trading Co. and listed Cage Code[2] SXD00 as an identifier for the contractor (R4, tab 1 at 1). Under the BPA, the government could place call orders for the provision of material-handling equipment in Erbil, Iraq (*id.* at 1, 3-7). The BPA listed Zrar Abbas on the second line of the contractor's name and identified Zrar Mohammed Ameen Abbas Gardi as the CEO of MTS (*id.* at 1, 3).

2. From May 2015 through December 2017, the government issued dozens of orders under the BPA. Each identified the contractor as MTS General Trading Company[3] or MTS General Trading & Construction, listed Zrar Abbas, and referenced Cage Code SXD00. (R4, tabs 30-126)

3. On October 6, 2022, the government notified MTS that its registration in SAM.gov[4] had expired and it could not be paid without an active registration (R4, tab 18 at 115). The government's Rule 4 file includes a screenshot of an expired registration in SAM.gov for MTS General Trading & Construction, Cage Code SXD00 (R4, tab 27 at 1). A current search of SAM.gov indicates an active registration for MTS General Trading & Construction in Erbil, Iraq, Cage Code SXD00, and identifies Zrar Abbas as the General Manager. It lists the corporate website as https://mtscompany.net.

4. On October 11, 2022, a claim from "MTS General Trade and contracting" was certified by Zirar Mohamed Ameen as MTS Executive Manager and submitted to the government (R4, tab 28 at 1). The claim letterhead listed "MTS Group: General Trading and Contracting Travel and Tourism, Cargo Express and Technology" at the top and "MTS General Contracting" at the bottom and referenced NCAGE Code SXD00 (*id.*). The claim subject line stated, "W56KGZ-15-A-6000 contract unpaid invoices" (*id.*).

---

[2] A Commercial and Government Entity (CAGE) Code is a five-character alpha-numeric identifier assigned by the Defense Logistics Agency as a standardized means of identifying legal entities located in the United States and its territories. For entities located outside of the US and its territories, a North Atlantic Treaty Organization Commercial and Government Entity (NCAGE) code is assigned. The terms CAGE code and NCAGE code appear to be used interchangeably.

[3] The first thirty-eight orders identify the contractor as MTS General Trading Company; the remaining balance identify the contractor as MTS General Trading & Construction (R4, tabs 30-126).

[4] SAM.gov is an official government database/website managed by the U.S. General Services Administration for entities engaged in or seeking federal contracting opportunities.

5. On October 27, 2022, the contracting officer issued to MTS General Contracting a final decision which denied the October 11, 2022 claim arising from BPA No. W56KGZ-15-A-6000 (R4, tab 20 at 1-2). Throughout the decision, the contracting officer referred to the contractor as "MTS" (*id.*). The final decision was sent to Zirar Abbas via email at zirar_mts@yahoo.com (R4, tabs 21-24).

6. Appellant submitted plausible information indicating its legal name as registered in Iraq is "MTS" and explaining a practice in Iraq whereby a business may "update" its registration to reflect its business activities resulting in variations of the suffix of its name (app. opp'n, ex. A at 1, ex. B at 1).

7. We find that MTS General Trading Co. which executed the BPA, MTS General Trading & Construction which performed numerous orders under the BPA, and MTS General Contracting which submitted the certified claim are all associated with CAGE Code SXD00 and appear to be the same legal entity.

8. Appellant submitted plausible information indicating that the person identified as Zrar Abbas, Zirar Abbas, Zirar Mohammed Ameen, and Zrar Mohammed Ameen Abbas Gardi in the BPA, orders, and claim documents are the same person (app. opp'n, ex. A at 1-2, ex. B at 1). The claim was certified by Zirar Mohamed Ameen who is identified as the CEO/Executive Manager of MTS (R4, tab 1 at 1, tab 28; app. opp'n ex. A at 1). Thus, we find that the claim was certified by an authorized representative of appellant.

9. On January 25, 2023, the Board received notice from "MTS General Trading and Construction" (Cage Code SXD00) of its intent to appeal the contracting officer's October 27, 2022 final decision denying its claim. The appeal was docketed as ASBCA No. 63521 in the name of MTS General Contracting.

DECISION

The government contends that appellant failed to certify the claim "under its own name" and that the lack of certification deprives the Board of jurisdiction (gov't mot. at 2). Appellant asserts that its name is "MTS," that variation of its name to describe its business activities is typical under Iraqi contract law, and that it properly certified the claim at issue in this appeal (app. opp'n at 4, 12).

As the proponent of the Board's jurisdiction, appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Najmaa Alshimal Co.*, ASBCA No. 62701, 21-1 BCA ¶ 37,872 at 183,899; *see also K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1004 (Fed. Cir. 2015). "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citing *Raytheon Missile*

*Sys.*, ASBCA No. 58011, 13-1 BCA ¶ 35,241 at 173,016).

Under the Contract Disputes Act (CDA), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The CDA defines a contractor as "a party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7). For claims exceeding $100,000, the contractor must certify that:

> (A) the claim is made in good faith;
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b); *see* FAR 2.101 (definition of a claim)

The certification may be executed by an individual authorized to bind the contractor with respect to the claim. 41 U.S.C. § 7103(b)(2). Certification is a "jurisdictional prerequisite that must be satisfied by the contractor before it may appeal the contracting officer's claim denial." *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628 at 170,630. While a defective certification does not deprive the Board of jurisdiction, 41 U.S.C. § 7103(b)(3), the complete absence of a certification is a jurisdictional defect that cannot be corrected. *Al Rafideen Co.*, ASBCA No. 59156, 15-1 BCA ¶ 35,983 at 175,808.

With respect to a contractor's name, the Board has held that minor discrepancies between the documents creating the contractor, the contracts as awarded, the certified claim, and the notice of appeal do not deprive the Board of jurisdiction. *Bell Helicopter Textron Inc. & the Boeing Co.*, ASBCA No. 59561, 15-1 BCA ¶ 36,111 at 176,289-90, 176,293. Furthermore, we have found that the entity identified in the claim as the contractor was, in fact, a party to the BPA and orders awarded under the BPA (SOF ¶ 7). Once an order is placed under a BPA, a contract is created with respect to that order. *See Hewlett-Packard Co.*, ASBCA Nos. 57940, 57941, 13-1 BCA ¶ 35,366 at 173,551. Thus, we conclude that appellant submitted a claim against the government relating to contracts arising under the BPA. We have also found that the claim was certified by an authorized representative of appellant (SOF ¶ 8).

To remain consistent with the CDA requirement that the "contractor" file the appeal, we construe this appeal as having been brought in the name of MTS General

Trading & Construction and treat MTS General Trading Co., MTS General Trading & Construction, MTS General Trade and contracting, and MTS General Contracting as different names for the same entity. *See Bell Helicopter Textron Inc. & the Boeing Co.*, ASBCA No. 59561, 15-1 BCA ¶ 36,111 at 176,293.

CONCLUSION

For the foregoing reasons, the motion to dismiss is denied.

Dated: January 22, 2024

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63521, Appeal of MTS General Trading & Construction, rendered in conformance with the Board's Charter.

Dated: January 22, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals